UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RODRIGUEZ-ARANGO,

        Petitioner,                      Case Number 12-11973
                                                  Honorable David M. Lawson

v.

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PROCEEDING IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

The petitioner, Michael Rodriguez-Arango, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He was convicted by a jury in the Ingham County Circuit Court of four counts of first degree criminal sexual conduct, Michigan Compiled Laws § 750.520b(1)(a) and one count of second degree criminal sexual conduct, Michigan Compiled Laws § 750.520c(1)(a). He was sentenced on December 2, 2009 to concurrent sentences of 300 to 480 months' imprisonment for each first degree criminal sexual conduct conviction and 86 to 180 months for the second degree criminal sexual conduct conviction. The petitioner raises claims regarding trial counsel's prejudice against him as a homosexual man and resulting failure to protect his rights at trial, the trial court's exclusion of certain evidence, and prosecutorial misconduct. The respondent filed a response and the required Rule 5 materials on November 16, 2012.

On April 22, 2013, the petitioner filed a motion asking the Court to stay his habeas proceeding while he exhausts his state court remedies for claims that he became aware of upon reviewing the Rule 5 materials filed by the respondent. For the reasons discussed below, the Court

will grant the petitioner's request, stay the petition, establish conditions under which he must proceed, and administratively close the case.

I.

The petitioner was convicted of the charges listed above following a jury trial in the Ingham County, Michigan circuit court. On appeal, the petitioner raised claims that his trial counsel was ineffective, that the trial court erred and deprived him of his constitutional right to a defense by excluding certain evidence, and that the prosecutor engaged in misconduct. The petitioner's convictions were affirmed by the Michigan Court of Appeals on September 27, 2011. *See People v. Rodriguez-Arango*, No. 297065, 2011 WL 4467680 (Mich. Ct. App. Sept. 27, 2011). The petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on March 26, 2012. *People v. Rodriguez-Arango*, 491 Mich. 887, 809 N.W.2d 597 (2012).

On May 1, 2012, the petitioner filed the instant petition for a writ of habeas corpus, raising the following claims:

> I. Trial defense counsel was constitutionally ineffective for polluting the trial with his personal distaste for his client's sexual orientation, and because of that prejudice, failing in numerous ways to advocate for and protect his client's rights at trial.
>
> II. The trial court deprived Mr. Rodriguez-Arango of the right to present a defense when it precluded trial counsel from refreshing the complainant's memory concerning messages he sent to Mr. Rodriguez-Arango describing his father's abuse; and trial counsel rendered ineffective assistance when he inexplicably abandoned the issue.
>
> III. Prosecutorial misconduct denied Mr. Rodriguez-Arango a fair trial, and defense counsel was ineffective to the extent he failed to object.

Pet. at 6-8. The petitioner seeks a stay of this case so that he may return to the state court to exhaust three claims presented neither on his direct appeal nor in his petition: that defense counsel was ineffective during plea negotiations, that the petitioner was not given a preliminary examination on the charges contained on an amended information, and that his sentence was inappropriately amended by the trial court after sentencing. The petitioner states that he was unaware of those issues until he received the Rule 5 material filed by the respondent.

## II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987))). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been

exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

The Supreme Court has held that the filing of a federal habeas petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id*. at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

If there are state court procedures available to a petitioner to present constitutional claims, he must use them. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). The claims in the petition have been exhausted, as the petitioner raised them in his direct appeal. However, the petitioner now seeks to return to the state courts to file a motion for relief from judgment on three additional claims. The petitioner states that he was not aware of the factual bases for those claims prior to receiving the Rule 5 materials. Therefore, the petitioner has demonstrated good cause for his failure to raise that claim previously. Further, his unexhausted claims are not "plainly meritless," and he is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78.

The denial of the petitioner's motion to stay might prevent the petitioner from re-filing a habeas petition following the exhaustion of his claims in the state courts due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for staying a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask that the petition be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 277).

The statute of limitations in 28 U.S.C. § 2244(d) should cause the petitioner some concern. The Michigan Supreme Court denied the petitioner leave to appeal on direct review on March 26, 2012. The petitioner's convictions became final ninety days later, on June 24, 2012, when the time during which the petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court expired. The one-year limitations commenced the following day, June 25, 2012. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed his petitioner on May 1, 2009, before the limitations period expired. The petitioner has not yet filed a motion for relief from judgment in the state court, and there is a chance that any unexhausted claims would be barred by the statute of limitations were the Court to deny the petitioner's motion.

To avoid injustice, the Court will stay the present petition while the petitioner files a motion for relief from judgment in state court, provided that the petitioner acts promptly. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The petitioner must file an amended petition in this Court within twenty-eight days after the conclusion of state court proceedings. Failure to do so will result in the dismissal of this case without prejudice.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to stay proceedings [dkt. #9] is **GRANTED**.

It is further **ORDERED** that this case is **STAYED** until **June 24, 2013**. The petitioner must file a Rule 6.500 motion in state court and notify this Court that he has done so on or before that date. If the petitioner fails to do so, the Court will lift the stay and proceed with the amended petition.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent must file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **six months** thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of the Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this case.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 24, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 24, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL
